**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| PAUL BENSON,<br><br>Plaintiff,<br><br>v.<br><br>YOLANDA PRYCE, et al.,<br><br>Defendants. | CIVIL ACTION NO. 3:26-CV-01472<br><br>(SAPORITO, J.)<br>(SCHWAB, M.J.) |

**ORDER**

Now before the court is a report and recommendation of United States Magistrate Judge Susan E. Schwab in which she recommends that the plaintiff's motion for temporary restraining order and preliminary injunction (Doc. 3) be denied and that the court dismiss some of the plaintiff's claims for lack of subject-matter jurisdiction as being barred by the Eleventh Amendment. (Doc. 9).

This action stems from child support proceedings in the Court of Common Pleas of Monroe County concerning, among other issues, the plaintiff's alleged failure to pay child support. As a result of those proceedings, the Honorable C. Daniel Higgins, Jr., a judge of the Court of Common Pleas of Monroe County, issued an order providing that "it is hereby Directed that all operating privileges, including but not limited to

driver's license and/or commercial driver's license [of the plaintiff] shall be suspended, not renewed, or denied until further Order of the Court." (Doc. 9, at 10) (citing (Doc. 1, ¶ 37)). The plaintiff has premised this action based on the proceedings leading up to that Order and the repercussions stemming from his license suspension. Therefore, the plaintiff brings claims against the following defendants: (1) Yolanda Price, an enforcement specialist with the Monroe County Domestic Relations Section; (2) the Honorable C. Daniel Higgins, Jr., a judge of the Court of Common Pleas of Monroe County; and (3) the Monroe County Domestic Relations section. *See* (Doc. 1). Moreover, the plaintiff has also moved for a temporary restraining order and a preliminary injunction stopping the defendants from proceeding with a scheduled contempt hearing and staying and vacating Judge Higgins's Order suspending his driver's license. (Doc. 3).

Before analyzing the plaintiff's motion for a temporary restraining order and a preliminary injunction, Judge Schwab noted that some of the plaintiff's claims were barred by the Eleventh Amendment of the United States Constitution, and thus, the Court did not have subject matter

jurisdiction over those claims.[1] (Doc. 9, at 17). First, Judge Schwab found that because the Monroe County Domestic Relations Section is a division of the Court of Common Pleas of Monroe County, and thus part of the state, it is entitled to Eleventh Amendment immunity. (*Id.*, at 22); *see Bryant v. Cherna*, 520 F. App'x 55, 57 (3d Cir. 2013) (stating that "the state courts of Pennsylvania, including their domestic relations sections, are entitled to immunity from suit in federal court pursuant to the Eleventh Amendment"). Second, Judge Schwab found that the plaintiff's claims for damages against defendants Higgins and Pryce in their official capacities were also barred by the Eleventh Amendment. (*Id.*, at 23) ("[C]laims against state officials in their official capacities for damages are treated as suits against the state and are barred by the Eleventh Amendment.") (citing *Christ the King Manor, Inc. v. Sec'y U.S. Dep't of Health & Human Servs.*, 730 F.3d 291, 318 (3d Cir. 2013)). Third, Judge Schwab found that the plaintiff's claims for declaratory and injunctive relief against Judge Higgins in his official capacity were additionally

---

[1] Judge Schwab noted that "the court has an obligation to satisfy itself that it has subject-matter jurisdiction, and the court may raise the issue sua sponte." (Doc. 9, at 17) (citing *Nesbit v. Gears Unlimited, Inc.*, 347 F.3d 72, 77–78 (3d Cir. 2003)).

barred by the Eleventh Amendment. (*Id.*, at 9) ("As the Supreme Court has explained, [the doctrine of] *Ex parte Young* does not permit federal courts to issue injunctions against state-court judges and clerks") (citing *Whole Woman's Health v. Jackson*, 595 U.S. 30, 39 (2021)). But, Judge Schwab also noted that the Court may benefit from briefing on the issue of whether claims for injunctive relief against defendant Pryce in her official capacity should be dismissed, and she does not recommend dismissal of those claims. (*Id.*, at 25).

As to the plaintiff's motion for a temporary restraining order and preliminary injunction, Judge Schwab recommends that the motion be denied. Judge Schwab noted that the plaintiff's request for injunctive relief related to his contempt hearing was moot because the contempt hearing had already been held at the time of the filing of the plaintiff's motion for injunctive relief. (*Id.*, at 29). Moreover, as to the plaintiff's request for staying and vacating the May 5, 2026, order that suspended his driver's license, Judge Schwab found that the plaintiff had failed to show a likelihood of success on the merits of his claims, and moreover, the plaintiff's sought-after relief is barred for immunity purposes. (*Id.*, at 30, 31–33). Finally, concerning the plaintiff's request for injunctive relief

to enjoin the defendants from undertaking new actions, Judge Schwab found that the plaintiff had not shown that those new actions were likely to occur in the near future. (*Id.*, at 35).

No timely objections have been filed to the report and recommendation, resulting in the forfeiture of de novo review by this court. *See Nara v. Frank*, 488 F.3d 187, 194 (3d Cir. 2007); *Henderson v. Carlson*, 812 F.2d 874, 878–79 (3d Cir. 1987).

Following an independent review of the report and the record, and having afforded "reasoned consideration" to the uncontested portions of the report, *E.E.O.C. v. City of Long Branch*, 866 F.3d 93, 99 (3d Cir. 2017), we are satisfied "that there is no clear error on the face of the record," Fed. R. Civ. P. 72(b) advisory committee note to 1983 amendment. We find Judge Schwab's analysis to be well-reasoned and fully supported by the record and applicable law. Accordingly, the court will adopt the report and recommendation in its entirety as the decision of the court.

Accordingly, **IT IS HEREBY ORDERED THAT**:

1. The report and recommendation of Judge Schwab (Doc. 9) is **ADOPTED** in its entirety;

2. The plaintiff's claims against Monroe County Domestic

Relations Section, claims against Judge Higgins in his official capacity, and claims for damages against defendant Pryce are **DISMISSED** without prejudice;

3. The plaintiff's motion for a temporary restraining order and preliminary injunction (Doc. 3) is **DENIED**; and

4. The matter is remanded to Judge Schwab for all future proceedings.

Dated: August 13, 2026

*s/Joseph F. Saporito, Jr.*
JOSEPH F. SAPORITO, JR.
United States District Judge